[Civ. No. 9686. First Appellate District, Division Two.—September 11, 1935.]

S. E. BAILEY et al., Respondents, v. E. N. AMENT et al., Appellants.

W. I. Follett, H. W. Brunk and R. Robert Hunter for Appellants.

Breed, Burpee & Robinson for Respondents.

SPENCE, J.—Plaintiffs were minority stockholders in the defendant corporation, The Ashby Furniture Company. They brought this action against said corporation and the directors thereof claiming that the purchase by the corporation from defendant E. N. Ament of 2,400 shares of the capital stock of said corporation was illegal. The cause was tried by the court sitting without a jury and resulted in a judgment vacating and setting aside said purchase. Defendants appeal from said judgment.

The purchase in question was made in the year 1931 and citations herein of sections 309 and 354 of the Civil Code refer to said sections as they read at that time. (Stats. 1929, chap. 711.)

In the complaint, plaintiffs set forth numerous allegations as a basis for their claim of illegality. The trial court found in favor of defendants upon practically all of the issues. It found, however, that the purchase was never permitted or authorized by the commissioner of corporations and sustained the claim of plaintiffs that the purchase was therefore illegal under the provisions of section 309 of the Civil Code.

There were further findings made by the trial court showing that the purchase was made in settlement of the indebtedness of defendant Ament to the defendant corporation. It was found that the board of directors adopted a resolution on February 14, 1931, authorizing said purchase; "that defendant Ament did, pursuant to said resolution, surrender 2400 shares of his capital stock of defendant corporation to said corporation in settlement of his indebtedness in the sum of $24,000 to said corporation, and said corporation

did thereupon cancel his said indebtedness in the sum of $24,000 upon its corporate records; thereby withdrawing said sum from·capital''; that on July 31, 1931, the board of directors adopted a resolution reciting the fact that defendant Ament had no other adequate assets with which to liquidate his indebtedness to the corporation and approving the above-mentioned purchase from defendant Ament of said 2,400 shares of stock. The trial court also found that at the time of said transfer defendant Ament had no other adequate assets with which to liquidate his indebtedness, and found ''that said transfer of said stock was made in good faith in settlement of said Ament's indebtedness to said corporation''.

██ Upon the foregoing findings, appellants contend that said purchase was valid under the provisions of subdivision 8 (a) of section 354 of the Civil Code and that permission from the commissioner of corporations was not required. In our opinion this contention must be sustained. Said section then read, ''Every corporation, as such, has power: . . . 8. To purchase and cancel upon its books and restore to the status of authorized but unissued shares any of its outstanding shares as follows: (a) To collect or compromise in good faith a debt, claim, or controversy with any shareholder.'' This is precisely what was done in the present case, and we find no merit in respondents' contention that, ''The power authorized by section 354 can only be exercised in the manner provided by 309.'' While these sections, together with numerous other sections, were reenacted in the same act in 1929 (Stats. 1929, chap. 711), it does not follow that the powers set forth in section 354 could be exercised only in the manner provided in section 309, viz.—with the permission of the commissioner of corporations first had and obtained. As originally enacted, section 354 defined the powers of corporations while section 309 placed a penalty upon directors of corporations for doing certain acts. Thereafter section 309 was amended to permit the directors to do the acts mentioned therein provided they were ''first permitted or authorized so to do by the commissioner of corporations''. We therefore believe it apparent that permission of the commissioner of corporations was required only for the doing of those acts mentioned in section 309 and that such permission was not

required for the purpose of exercising the powers set forth in section 354.

Respondents further urge that the findings of the trial court relative to the settlement of the indebtedness of defendant Ament through the purchase in question were beyond the issues made by the pleadings and must be disregarded. It is true that the complaint alleged the purchase of said shares and that said allegations were not denied by the answer. We are of the opinion, however, that the findings showing that the purchase was made in good faith in settlement of defendant Ament's indebtedness to the corporation were not in conflict with the admissions in the pleadings but merely showed the true nature and purpose of the transaction alleged. The authorities cited by respondents dealing with findings in conflict with admissions are therefore not in point and we cannot disregard the findings above mentioned which bring the transaction within the provisions of section 354 of the Civil Code.

The judgment is reversed.

Nourse, P. J., and Sturtevant, J., concurred.